### FRANCO-AMERICAN BAKING CO. v. HERMAN RAUB, Inc.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

SALES (§ 359*)—ACTION FOR PRICE—SUFFICIENCY OF EVIDENCE.

    Evidence in an action for goods sold and delivered *held* not sufficient to sustain a judgment for plaintiff.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 511, 1056–1059; Dec. Dig. § 359.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Franco-American Baking Company against Herman Raub, Incorporated. From a judgment in favor of the plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Cass & Apfel, of New York City (Frederick H. Van Houten, of New York City, of counsel), for appellant.

Holm, Whitlock & Scarff, of New York City (D. Walter Griffiths, of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff has recovered a judgment against the defendant for goods sold and delivered. The plaintiff's testimony as to the arrangement under which the goods were sold is extremely vague, and consists mainly of legal conclusions. The alleged conversation at which the order was given took place with the defendant's president, and it seems to me entirely impossible from the testimony to determine whether he was acting for himself or for the defendant

corporation or both, for it appears that the goods were thereafter delivered at two places, one of which apparently belonged to the defendant and one to the president individually.

To meet this testimony the defendant introduced in evidence a judgment for goods sold and delivered to defendant during the same period and at the same place, and consisting of the same class of goods. If this judgment was for goods sold and delivered under the same contract, then the plaintiff has split up his cause of action, and the first judgment is a bar to any subsequent action. In view, however, of the vagueness of the testimony as to the sale in this case, it would seem practically impossible to prove that the judgment entered in the earlier action was for a breach of the same contract.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.